Archibald C. Wemple, J.
The record in this case points up the sharp contrast in testimony of the two principal witnesses. On the one hand Police Officer O’Brien testified as an officer of the law that the defendant was driving her car at the time and place of her arrest at the rate of speed of 50 miles per hour. To support his estimate of speed to which he testified, he produced a reading from a special speedometer which clocked the speed at a point of “50”. There was testimony that this device varied in accuracy from 2 to 10 miles per hour at various rates of speed. The police officer at one place in his testimony stated that it took the defendant 60 to 70 feet to bring her car to a stop after being alerted by the “ tooting” of the police car horn. Later, the officer changed this testimony on this ‘ ‘ stopping ’ ’ distance of the defendant’s car and stated that it took a minimum of 200 feet for her to stop. This caused the Presiding Judge at the trial to make this comment, “It is obvious his testimony wasn’t entirely accurate one way or the other and since then he has revised his estimate.”
*404 To all this, the defendant, a member of the Bar and, incidentally, an officer of the court, positively fixed her speed at 25 miles per hour. She acknowledged that she was aware of the speed limit in the village and denied the violation of law of which she was charged.
In addition, the defendant’s attorney on this appeal has challenged the information, the validity of the ordinance in question, the efficacy and legality of the speed signs, the reliability of the police car speedometers and even the ‘ ‘ wilfullness ’ ’ of the alleged violator. Into every nook and cranny of the judgment of conviction, the defendant’s counsel in the appeal to this court has probed to find legal error or defect in the armor of the People’s case. This is all interesting and perhaps enlightening, but the basic inquiry is whether the defendant did operate her car in violation of the ordinance of Pleasantville.
It seems too obvious for mention that every defendant is presumed innocent until proved guilty beyond a reasonable doubt. This maxim applies to lawyers as well as laymen who find themselves afoul of the law. The record reveals testimony of the police officer which was alluded to as “ inaccurate ’ ’ by the Trial Judge. The defendant’s car could not have stopped in 60 to 70 feet as the officer originally testified, if it were going 50 miles per hour. It seems that the law of physics comes into play to challenge the reliability of the officer’s estimate of distance. And this also raises a reasonable doubt of guilt which should be accorded the defendant herein.
The many other points raised on this appeal are too complex for specific review and comment. Perhaps the Village Board will now feel encouraged to improve some of the speed signs by reason of the evidence produced in this case. It might even be worthwhile for all municipal authorities to take a good “ second look ” at speed limits fixed in speed ordinances. In modern traffic, a speed of 10 miles per hour might be excessive in certain areas and at certain times, while a speed of 35 to 40 miles per hour might be safe, sane and prudent in other areas of the same community. To be enforced, laws must be realistic enough to be acceptable to the majority of all citizens.
On the law and on the facts the conviction is reversed. Let the record and defendant’s license be expunged of any notation thereof.